UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No.   21cr10215 |
| v. | ) ) | Violation: |
| JOSHUA FERNANDES, | ) ) ) | Count One: Wire Fraud (18 U.S.C. § 1343) |
| Defendant | ) ) ) ) | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.      The defendant, JOSHUA FERNANDES ("FERNANDES") was a resident of New Bedford, Massachusetts.  FERNANDES was a Sergeant with the New Bedford Police Department ("NBPD") and was the Treasurer of the New Bedford Police Union (the "Union").

2.      The Union was the collective bargaining unit that served active and retired members of the NBPD.  The Union collected regular dues from its approximately 240 members and maintained Union funds (i) in various accounts with the New Bedford Credit Union ("NBCU"), located in Massachusetts, and (ii) in an account managed by LPL Financial, an investment brokerage and advisor (the "LPL Union Account").  Union funds were only to be disbursed to promote the welfare of the Union and to pay for Union-related expenses and expenditures.  More specifically:

   a. Union funds at NBCU (the "NBCU Union Accounts") were used to fund ordinary Union operating expenses, including reimbursement for Union-related activities such as organizing, fundraising, and day-to-day operating

1

expenses. The NBCU Union Accounts included an operating account ("Union Checking Account") and credit card accounts ("Union Credit Card Accounts"). Union Credit Card Account transactions, including credit card charges, were processed via wire communications outside of Massachusetts; and

b.  The LPL Union Account was designated to fund special expenses related to Union members, such as retirement, life insurance, and other special expense items. LPL Union Account funds were not to be used to fund ordinary Union operating expenses.

3.  As Union Treasurer, FERNANDES had authority and control over the NBCU Union Accounts and the LPL Union Account. As Union Treasurer, FERNANDES also had a fiduciary duty to ensure that Union funds were disbursed only for the benefit of the Union and to pay for legitimate Union-related expenditures.

## Scheme to Defraud

4.  Between approximately 2016 and approximately 2019, FERNANDES devised and executed a scheme to defraud the Union and its members by systematically siphoning Union funds from the NBCU Union Accounts to pay for FERNANDES's personal and non-Union-related expenses. Further, as part of the scheme to defraud, FERNANDES secretly diverted monies from the LPL Union Account to the NBCU Union Accounts in order to conceal his embezzlement.

5.  Specifically, between approximately 2016 and approximately 2019, FERNANDES wired money from the NBCU Union Accounts to pay for FERNANDES's personal American Express credit card expenses, all of which bore no Union-related purpose. These included, for example, $1,038.40 to stay at the Legacy Vacation Club in Kissimmee, Florida; $3,030.03 in Ticketmaster fees for events by New Kids on the Block, Comic-Con, Sarah Brightman, and

Hanson; $119.94 for Match.com; and $1,406 in charges at the Toy Vault in Dartmouth, MA, among other personal expenses.

6.      In addition, between approximately 2016 and approximately 2019, FERNANDES used the NBCU Credit Card Accounts to pay for FERNANDES's personal expenses, all of which bore no Union-related purpose. These included, for example, approximately $14,692.92 in NBCU Credit Card Account charges to pay for FERNANDES's personal and family Sprint Wireless bills, despite the fact that FERNANDES already had a Union-issued cellular phone which was paid for by the Union during this period.

7.      As part of the ongoing scheme, FERNANDES diverted tens of thousands of dollars from the LPL Union Account to the NBCU Union Accounts in order to conceal the shortfall in Union operating funds that was caused by his ongoing embezzlement.

8.      In total, from approximately 2016 to 2019, FERNANDES stole at least approximately $48,630.55 in Union funds from the NBCU Union Accounts to pay for personal, non-Union-related, expenses.

## COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

9.      The United States Attorney re-alleges and incorporates by reference paragraphs 1-8 of this Information.

10.     On or about November 16, 2018, in the District of Massachusetts, and elsewhere, the defendant,

JOSHUA FERNANDES,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit: a credit card payment from the NBCU Credit Card Account (ending 9403) in the amount of approximately $919.21 payable to FERNANDES's Sprint Wireless account.

All in violation of Title 18, United State Code, Section 1343.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

JOSHUA FERNANDES,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, the following asset:

      a.   $48,630.55, to be entered in the form of a forfeiture money judgment.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

EUGENIA M. CARRIS
Assistant U.S. Attorney

Dated:  July 19, 2021